1  Jonathan M. Gordon (State Bar No. 82202)
   jonathan.gordon@alston.com
2  Casondra K. Ruga (State Bar No. 237597)
   casondra.ruga@alston.com
3  **ALSTON & BIRD LLP**
   333 South Hope Street, 16th Floor
4  Los Angeles, California 90071
   Telephone:  (213) 576-1000
5  Facsimile: (213) 576-1100

6  David J. Stewart (Admitted *Pro Hac Vice*)
   david.stewart@alston.com
7  Kathryn W. Bina (Admitted *Pro Hac Vice*)
   kitty.bina@alston.com
8  **ALSTON & BIRD LLP**
   One Atlanta Center
9  1201 West Peachtree Street
   Atlanta, Georgia  30309
10 Telephone:  (404) 881-7000
   Facsimile:  (404) 881-7777
11
   Attorneys for Defendant
12 **SALLY BEAUTY SUPPLY LLC**

13

14

15            **UNITED STATES DISTRICT COURT**

16            **CENTRAL DISTRICT OF CALIFORNIA**

17

18 MIXED CHICKS LLC,                CASE NO. SACV11-452-AG (FMOx)

19        Plaintiff,

20    v.                           **PROTECTIVE**
                                   **ORDER**
21 SALLY BEAUTY SUPPLY LLC,

22        Defendant.

23

24

25

26

27

28

---

STIPULATED PROTECTIVE ORDER

FILED

CLERK, U.S. DISTRICT COURT

SEP 26 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**GOOD CAUSE EXISTS FOR THIS ORDER:**

It is stipulated and agreed by and between the parties that the terms and conditions of this stipulated protective order (the "Protective Order") shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information and things exchanged by the parties in this action. Disclosure and discovery activity in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or the resolution of this litigation is warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures, productions or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential. The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

It is STIPULATED AND ORDERED as follows:

1. This Order shall govern:

    (a)    all testimony at depositions, pre-trial hearings, and at trial;

    (b)    all documents, information, materials or things produced by any party or third-party in response to discovery requests and subpoenas, under the Federal Rules of Civil Procedure, or otherwise;

    (c)    all copies, abstracts, excerpts, analyses, summaries, or other materials (written, electronic, or in other form) that contain, reflect, or disclose information contained in such testimony, documents, or other materials.

    The items listed in (a)-(c) above shall be referred to as "Discovery Materials."

2. Any party to this litigation shall have the right to designate Discovery

1  Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the

2  terms of this Protective Order.  Discovery Materials designated CONFIDENTIAL

3  or HIGHLY CONFIDENTIAL will be referred to as "Designated Materials."  Any

4  third-party producing documents pursuant to a subpoena or otherwise may designate

5  Discovery Materials pursuant to this Protective Order only if an authorized

6  representative of the producing third-party executes a written acknowledgment,

7  substantially in the form of Exhibit 1 annexed to this Protective Order, that the non-

8  party has reviewed a copy of the Protective Order, will comply with its terms, and

9  will submit to the jurisdiction of this Court for adjudication of any dispute

10  regarding that third-party's designations under the Protective Order.  All

11  designations must be made in good faith and on reasonable belief that the

12  designation accurately reflects the definition of CONFIDENTIAL or HIGHLY

13  CONFIDENTIAL materials.

14       (a)  Materials marked "CONFIDENTIAL" shall be those Discovery

15  Materials that the party making the designation (the "Designating Party") in good

16  faith reasonably believes to comprise non-public, proprietary or confidential

17  information (including but not limited to trade secrets[1]; confidential research,

18  development or other confidential or proprietary information not shared or

19  disclosed to third parties) of the Designating Party.

20       (b)  Materials marked "HIGHLY CONFIDENTIAL" shall be

21  those Discovery Materials, including any document, file, portion of file,

22  transcribed testimony or other material that the Designating Party in good faith

23  reasonably believes to comprise trade secrets or other competitively sensitive

24  confidential information, the disclosure of which would be likely to cause

25

26  [1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a
27  formula, pattern, compilation, program, device, method, technique, or process, that:
(1) Derives independent economic value, actual or potential, from not being generally
known to the public or to other persons who can obtain economic value from its
28  disclosure or use; and (2) Is the subject of efforts that are reasonable under the
circumstances to maintain its secrecy.

1   competitive harm. Discovery Materials may only be designated HIGHLY
2   CONFIDENTIAL if the Designating Party believes in good faith that designation
3   as CONFIDENTIAL will not provide adequate protection.

4         (c)   All Discovery Materials made available for inspection, and the
5   information contained therein, shall be treated as "HIGHLY CONFIDENTIAL" until
6   such time as the Designating Party has had sufficient opportunity to review such
7   Discovery Materials and designate them as appropriate.

8       3.   Information designated as "CONFIDENTIAL" ("Confidential
9   Information") shall be used by the party receiving such information solely for
10  purposes related to this litigation and may be disclosed only to the following
11  persons:

12        (a)   officers, directors, and employees of a party to whom it is deemed
13  necessary that the documents be shown for purposes of the litigation, provided that
14  any such persons shall be advised that they are subject to the terms of this
15  protective order before being provided Designated Materials;

16        (b)   inside and outside counsel for the respective parties, and
17  employees and independent contractors engaged in work for such counsel to
18  assist in this litigation (collectively "Counsel");

19        (c)   experts or consultants retained for purposes of this litigation,
20  provided that the expert or consultant first signs the Acknowledgement attached to
21  this Protective Order as Exhibit 1 before being provided Confidential Information;

22        (d)   witnesses in the course of deposition, hearing, or trial testimony
23  where counsel has a reasonable and good faith belief that examination with respect
24  to the Confidential Information is necessary, and any person being prepared to testify,
25  where counsel has a reasonable and good faith belief that such person will be a
26  witness in this action and that his/her examination with respect to the Confidential
27  Information is necessary in connection with such testimony; persons to whom
28  Confidential Information are disclosed pursuant to this subparagraph may not be

1   permitted to retain copies of the Confidential Information;

2         (e)    the author of the Confidential Information and anyone shown as

3   having received the Confidential Information in the ordinary course of business;

4         (f)    court reporters and persons preparing transcripts of depositions;

5         (g)    the Court, Court personnel, and jurors or potential jurors; and

6         (h)    any other person upon order of the Court or upon stipulation

7   of the Designating Party, in writing or on the record of a deposition, or at a hearing

8   or trial.

9       4.    Information designated as "HIGHLY CONFIDENTIAL" ("Highly

10  Confidential Information") shall be used by the party receiving such information

11  solely for the purposes related to litigation between the parties and may be disclosed

12  only to the following persons:

13        (i)    Counsel, as defined in paragraph 3(b) above;

14        (j)    experts or consultants retained for purposes of this litigation,

15  provided that the expert or consultant first signs the Acknowledgement attached to

16  this Protective Order as Exhibit 1 before being provided Highly Confidential

17  Information;

18        (k)    the author of the Highly Confidential Information and anyone

19  shown as having received the Highly Confidential Information in the ordinary course

20  of business;

21        (l)    court reporters and persons preparing transcripts of depositions;

22        (m)    the Court, Court personnel, and jurors or potential jurors; and

23        (n)    any other person only upon order of the Court or upon stipulation

24  of the Designating Party, in writing or on the record of a deposition, hearing or trial.

25      5.    Persons who are authorized to review Designated Materials shall hold such

26  materials in confidence and shall not disclose their contents, either verbally or in

27  writing, to any person not otherwise authorized to receive such information under this

28  Protective Order.  Copies of Designated Materials shall be made only to the extent

1   necessary to facilitate permitted use under this Protective Order.

2        6.    The recipient of Designated Materials provided under this Order shall
3   maintain such information in a secure and safe area and shall exercise the same
4   standard of due and proper care with respect to the storage, custody, use and/or
5   dissemination of such information as is exercised by the recipient with respect to its
6   own proprietary information. Designated Materials shall not be copied, reproduced,
7   summarized or abstracted, except to the extent that such copying, reproduction,
8   summarization or abstraction is reasonably necessary for purposes related to this
9   lawsuit. All such copies, reproductions, summarizations, extractions, and
10  abstractions shall be subject to the terms of the Order, and labeled in the same manner
11  as the Designated Materials on which they are based.

12       7.    In the event a Party deems it necessary or appropriate to disclose any
13  Materials designated as "CONFIDENTIAL" to any person not specified in paragraph
14  3, or to disclose any Discovery Material designated as "HIGHLY CONFIDENTIAL"
15  to any person not specified in paragraph 4 (the "Proposed Disclosure"), that party
16  shall notify counsel for the Designating Party in writing of:   (i) the Designated
17  Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure
18  is to be made. In the event the Disclosing Party does not consent to the Proposed
19  Disclosure within (14) days of receipt of the redesignation request, the party
20  requesting the Proposed Disclosure may petition the Court for an order permitting the
21  Proposed Disclosure. Counsel shall obtain from all persons to whom disclosures are
22  made pursuant to this paragraph 7 a written acknowledgement in the form of Exhibit
23  1 hereto, that such person or persons have reviewed a copy of this Protective Order,
24  will comply with its terms in all respects and will submit to the jurisdiction of this
25  Court for adjudication of any dispute about whether such person or persons have
26  complied with the terms of this Protective Order.

27       8.    In the event of any inadvertent disclosure of attorney-client privileged
28  information or information subject to the attorney work product doctrine or any

STIPULATED PROTECTIVE ORDER

1   other privilege, the party making such inadvertent disclosure, after learning of such
2   inadvertent disclosure, shall notify the party to whom the inadvertent disclosure
3   was made; the party to whom the inadvertent disclosure was made shall then
4   immediately return such material and all copies the party made thereof.  Also, in the
5   event any party hereto receives any document from another party that upon its face
6   is subject to the attorney-client privilege, attorney work product doctrine, or any
7   other privilege, that party shall immediately return such document and all copies the
8   party made thereof to the party who produced the document.

9       9.    Disclosing    parties    shall    designate    Discovery    Materials
10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

11          (o)    In the case of documents, interrogatory answers, responses to
12  requests to admit, and the information contained therein, designation shall be made
13  by placing one of the following legends on every page of any such document prior to
14  production, as appropriate: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

15          (p)    In the case of depositions, designation of the portion of the
16  transcript (including exhibits) which contains Designated Materials may be made by a
17  statement to such effect on the record in the course of the deposition or, upon review
18  of such transcript, by counsel for the party to whose Designated Materials the
19  deponent has had access, which counsel shall designate within thirty (30) days after
20  counsel's receipt of a certified transcript from the court reporter.  If a portion of a
21  deposition is designated as containing "CONFIDENTIAL" or "HIGHLY
22  CONFIDENTIAL" materials before the deposition is transcribed, the transcript of
23  the "Designated Materials" shall be bound in a separate volume marked
24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.  If a portion
25  of a deposition is designated as Designated Materials during the course of a
26  deposition, counsel may request all persons, except persons entitled to receive
27  Designated Materials pursuant to this Protective Order, to leave the room while the
28  deposition is proceeding until completion of the answer or answers containing

1   Designated Materials. If a portion of a deposition is designated as Designated

2   Materials after the deposition is transcribed, counsel for the Designating Party shall

3   list on a separate piece of paper or in an e-mail to all counsel the numbers of the

4   pages of the transcript containing Designated Materials, and send the list to counsel

5   for all parties. All parties shall affix the list to the face of the transcript and each copy

6   thereof. Pending such designation by counsel, the entire deposition transcript,

7   including exhibits, shall be deemed "HIGHLY CONFIDENTIAL." If no

8   designation is made within thirty (30) days after receipt of a certified transcript

9   from the court reporter, the transcript shall be considered not to contain any

10   Designated Materials;

11          (q)   Transcripts of depositions or documentation produced in the action

12   will not be filed with the Court unless it is necessary to do so for purposes of trial,

13   motions for summary judgment, or other matters. The parties shall use their best

14   efforts to include Designated Materials in Court filings only when absolutely

15   necessary, and shall, to the extent possible, file redacted versions of sealed filings that

16   redact any portions of those filings that contain or reflect Designated Materials. If a

17   motion to seal is pending, any materials filed under seal shall remain under seal and

18   shall not be disclosed to any person other than Court personnel, opposing counsel, and

19   any other person permitted under the terms of this Protective Order to have access to

20   the sealed materials until the Court has ruled on that motion. If the Court grants the

21   motion to file under seal, the documents shall remain under seal and shall not be

22   disclosed except as provided in this Protective Order or other Court Order. A

23   complete, unredacted set of documents filed under seal shall be provided by the

24   filing party to opposing counsel.

25          (r)   Any Designated Materials produced in a non-paper media (e.g.

26   videotape, audiotape, computer disk, *etc.*) may be designated by labeling the

27   outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY

28   CONFIDENTIAL." In the event a party receiving information designated as

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (a "Receiving Party")
2  generates any "hard copy," transcription, or printout from any such designated non-
3  paper media, such party must stamp each page "CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL" and the hard copy, transcription or printout shall be treated as it
5  is designated.

6       10.   If timely corrected, an inadvertent failure to designate qualified
7  information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does
8  not, standing alone, waive the Designating Party's right to secure protection under
9  this Order for such materials.  If the material is appropriately designated as
10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after it was initially produced,
11  the Receiving Party, on timely notification of the designation, must make reasonable
12  efforts to assure that the Designated Materials are treated in accordance with the
13  provisions of this Order.

14       11.   A party shall not be obligated to challenge the propriety of a
15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time
16  made, and failure to do so shall not preclude a subsequent challenge thereto during
17  the pendency of this litigation.  In the event that any party to this litigation
18  disagrees at any stage of these proceedings with such designation, such party shall
19  provide to the Designating Party written notice of its disagreement with the
20  designation.  The parties shall first try to dispose of such dispute in good faith on an
21  informal basis within ten (10) business days of notice of the disagreement.  If the
22  dispute has not been resolved within this time period, the party seeking to de-
23  designate the information may initiate preparation of the joint stipulation pursuant
24  to L.R. 37-2.2. Completion and filing of the joint stipulation shall be as set forth in
25  L.R. 37-2.2.  The burden of proving that information has been properly
26  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is on the
27  Producing Party. Discovery Material designated as Designated Materials shall retain
28  this status as well as its category of designation until such time as either: (a) the

Case 8:11-cv-00452-AG -FMO Document 24 Filed 09/26/11 Page 10 of 13 Page ID
Case 8:11-cv-00452-AG -FMO Document 16-1 Filed 09/15/11 Page 10 of 13 Page ID
#:99

1  parties expressly agree otherwise in writing, or (b) the Court orders otherwise,
2  unless such order is stayed pending appellate review.

3      12.   In the event that any Designated Materials are used in any Court
4  proceeding in connection with this litigation (other than trial), it shall not lose its
5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use, and
6  the parties shall take all steps reasonably required to protect its confidentiality
7  during such use.

8      13.   In the event the case proceeds to trial, a separate order must be entered by
9  this Court governing the confidentiality of any Discovery Material designated as
10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11      14.   If Designated Materials are inadvertently disclosed to any person other
12  than in the manner authorized by this Order, the person responsible for the disclosure
13  must immediately bring all pertinent facts relating to such disclosure to the attention of
14  counsel for the Designating Party and, without prejudice to any other rights and
15  remedies of the parties, make every effort to prevent further disclosure by it or by the
16  person who was the recipient of such information.

17      15.   In the event any Receiving Party having possession, custody or control of
18  any Discovery Materials provided by the Designating Party receives a subpoena or
19  other process or order to produce in another legal proceeding the Discovery Materials,
20  such Receiving Party shall notify counsel for the Designating Party of the subpoena
21  or other process or order, furnish counsel for the Designating Party with a copy of
22  said subpoena or other process or order, and cooperate with respect to all reasonable
23  procedures sought to be pursued by the Designating Party whose interests may be
24  affected. The Designating Party shall have the burden of defending against such
25  subpoena, process or order. The Receiving Party shall be entitled to comply with
26  the subpoena or other process or order except to the extent the Designating Party is
27  successful in obtaining an order modifying or quashing the subpoena or other process
28  or order.

Case 8:11-cv-00452-AG -FMO Document 24 Filed 09/26/11 Page 11 of 13 Page ID
Case 8:11-cv-00452-AG -FMO Document 23-1 Filed 09/15/11 Page 11 of 13 Page ID
#:100

16.     Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any party that any material designated by another party or non-party actually contains or reflects trade secrets or other confidential information;

(b)     reduce in any way the rights of the parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of documents or materials that they may consider not subject to discovery or privileged from discovery;

(c)     prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Protective Order;

(d)     prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation; and/or

(e)     prevent the parties from agreeing to alter or waive the protections or remedies provided in this Protective Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by both parties.

17.     This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Protective Order.

18.     Nothing contained herein shall preclude a producing entity or person from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

19.     After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and

Case 8:11-cv-00452-AG -FMO Document 24 Filed 09/26/11 Page 12 of 13 Page ID
Case 8:11-cv-00452-AG -FMO Document 23-1 Filed 09/15/11 Page 12 of 13 Page ID
#:101

1   all other persons to whom Designated Materials or information contained therein
2   have been communicated or disclosed pursuant to the provisions of this Protective
3   Order or any other Order of this Court. The Court shall retain continuing
4   jurisdiction to enforce the terms of this Protective Order.

5       20.    All Designated Material subject to this Protective Order shall be returned
6   to the Designating Parties upon termination of this action (or, upon written permission
7   by the Designating Party, destroyed). Termination of this action shall be taken and
8   construed as the date forty-five (45) days following (a) the filing of a stipulated
9   dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order
10  disposing of this case; or (c) the expiration of the time for any appeal. Upon such
11  termination, counsel of record for the Receiving Party shall notify counsel for the
12  Designating Party of compliance. Counsel for the Receiving Party shall make a
13  reasonable effort to retrieve any documents or information subject to this Protective
14  Order from any person to whom such information has been given, and shall notify
15  counsel for the Designating Party of the failure to retrieve any such information.

16      Such information shall include descriptive detail of any document not
17  returned or destroyed. Nothing in this paragraph shall preclude outside counsel from
18  retaining after termination of this action one copy of (a) pleadings, motions, and
19  memoranda filed with the Court; and (b) deposition, hearing and trial transcripts and
20  exhibits, provided, however, that such counsel may not disclose retained materials
21  that contain Designated Materials to any unauthorized person and shall keep such
22  retained materials in a manner reflecting their confidential nature.

23  IT IS SO ORDERED.

24

25  DATED:       9\26\11

26                                Honorable Fernando M. Olguin
27                                United States Magistrate Judge

28

Case 8:11-cv-00452-AG -FMO Document 24 Filed 09/26/11 Page 13 of 13 Page ID
Case 8:11-cv-00452-AG -FMO Document 21-1 Filed 09/15/11 Page 13 of 13 Page ID
#:102

## **EXHIBIT 1**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Central District of California on _____ in the

case of **MIXED CHICKS LLC v. SALLY BEAUTY SUPPLY LLC, Case No.:**

**SACV11-452-AG (FMOX).** I agree to comply with and to be bound by all the terms

of the Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to the Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____
                          [printed name]

Signature:_____